UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | | |
|---|---|---|
| MICHAEL STROUD, JR., | ) | |
| Petitioner, | ) | Civil No. 6:19-218-WOB |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

*** *** *** ***

Michael Stroud, Jr. is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Stroud filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Stroud's petition.

In 2017, the United States filed a criminal information against Stroud, charging him with possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). *See United States v. Stroud*, No. 4:17-cr-010 at R. 1 (N.D. Ga. 2017). Stroud waived indictment and pled guilty pursuant to a negotiated plea agreement. *See id.* at R. 4. In that agreement, the parties jointly recommended the statutory maximum sentence of 120 months of incarceration, and the Government agreed to dismiss the indictment pending against Stroud in another case. *See id.* at R. 45 (explaining the plea agreement). The United States District Court for the Northern District of Georgia then determined that Stroud's advisory sentencing guidelines range was 140 to 175 months in prison, but it recognized that he was facing a statutory maximum sentence of 120 months. *See id.* at R. 20 at 5. Ultimately, the Northern District of Georgia sentenced Stroud to that 120-month maximum term of imprisonment. *See id.* at R. 10. Stroud did not file a direct appeal, and

while he subsequently tried to vacate his sentence pursuant to 28 U.S.C. § 2255, his efforts were unsuccessful. *See id.* at Rs. 34, 42, 43, 47, 49.

Stroud has now filed a § 2241 petition with this Court. [R. 1]. Although Stroud's petition is difficult to follow, he appears to be arguing that the Northern District of Georgia miscalculated his advisory sentencing guidelines range. Specifically, Stroud suggests that the trial court erroneously determined that his prior Georgia aggravated assault and burglary convictions constituted crimes of violence, resulting in improper enhancements under the sentencing guidelines. [*See* R. 1-1 at 11-17]. To support his petition, Stroud cites several cases, including but not limited to the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as the Eleventh Circuit's recent panel opinion in *United States v. Moss*, 920 F.3d 752 (11th Cir. April 4, 2019). Ultimately, Stroud asks this Court to "dismiss illegal enhancements and sentence [him] to correct applicable sentencing under the United States Sentencing Guidelines of 57-71 Months." [R. 1 at 8].

Stroud's petition, however, constitutes an impermissible collateral attack on his sentence. Although a federal prisoner may challenge the legality of his sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 habeas petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Stroud cannot use a § 2241 petition as a way of challenging his sentence.

It is true that, in *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the United States Court of Appeals for the Sixth Circuit recognized an exception to this rule which would allow a prisoner to

challenge his sentence in a § 2241 petition. However, the Sixth Circuit expressly limited its decision to the following, narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and     (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply in this case. As an initial matter, the trial court sentenced Stroud in 2017, well after the Supreme Court's decision in *Booker* made the sentencing guidelines advisory rather than mandatory. On this basis alone, Stroud's petition does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his federal sentence. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Thus, Stroud's attack on his sentence does not even get off the ground.

Moreover, Stroud has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that applies to his case. To be sure, Stroud relies on the *Descamps* and *Mathis*, but the Supreme Court decided those cases well before Stroud was even charged in his criminal case, let alone pled guilty and was sentenced. In other words, those cases were not decided "subsequent" to Stroud's case and, thus, nothing prevented him from raising his

3

*Descamps* and *Mathis*-related arguments on direct appeal and/or in a § 2255 motion. And to the extent that Stroud relies on the Eleventh Circuit's April 4, 2019 panel decision in *Moss*, 920 F.3d at 752, that opinion has been vacated because the case is set to be reheard en banc. *United States v. Moss*, 928 F.3d 1340 (11th Cir. July 15, 2019).

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Stroud's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 18th day of September, 2019.

Signed By:
*William O. Bertelsman* WOB
United States District Judge